UNITED STATES v. TOWER & SONS (No. 2491) [1]

1. CONSTRUCTION, PARAGRAPH 1703, TARIFF ACT OF 1922—"STICKS."
   The provision of paragraph 1703, Tariff Act of 1922, for "sticks" can not include a whole tree, whether large or small, and so Christmas trees are not classifiable thereunder.

2. CHRISTMAS TREES.
   Christmas trees are not "wood," "logs," or "timber" under paragraph 1700, Tariff Act of 1922, or "sticks" under paragraph 1703. Their residuary classification as nonenumerated unmanufactured articles under paragraph 1459 follows.

United States Court of Customs Appeals, April 14, 1925

APPEAL from Board of United States General Appraisers, G. A. 8878 (T. D. 40447)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Peter A. Abeles*, special attorney, of counsel), for the United States.
*Barnes, Wilson & Halstead* (*Frank M. Halstead* of counsel) for appellees.

[Oral argument Mar. 26, 1925, by Mr. Hoppin and Mr. Halstead]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

It is agreed that the merchandise in this case consists of small evergreen trees, commonly used as Christmas trees, to which nothing has been done except to cut them close to the ground and pack them for shipment to the United States. Of what the packing consists does not appear.

No evidence was taken before the Board of General Appraisers, but the case stood for disposition before it upon the report of the collector that he assessed the merchandise as an unmanufactured article not enumerated, under paragraph 1459 of the act of 1922.

The protest claims classification and free entry under paragraph 1700 or 1703 of the same act.

The Board of General Appraisers sustained the protest holding the merchandise to be entitled to free entry under paragraph 1703.

The material part of 1700 is as follows:

Wood: Logs; timber, round, unmanufactured, hewn, sided or squared otherwise than by sawing; pulp woods; round timber used for spars or in building wharves; firewood, handle bolts, shingle bolts; and gun blocks for gunstocks, rough hewn or sawed or planed on one side; sawed boards, planks, deals, and other lumber, not further manufactured than sawed, planed, and tongued and grooved; clapboards, laths, ship timber; all of the foregoing not specially provided for:
* * *

[1] T. D. 41128.

Paragraph 1703 provides for:

Woods: Sticks of partridge, hair wood, pimento, orange, myrtle, bamboo, rattan, India malacca joints, and other woods not specially provided for, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

The Board of General Appraisers found itself unable to classify these Christmas trees under paragraph 1700, and in that conclusion we agree.

It is quite true, when all the provisions for wood and its products in the present tariff act, as well as those for many years preceding, are taken into consideration, one is impressed with the view that it would have been entirely consistent and indeed expected that Congress, if it had specifically legislated upon the subject of Christmas trees, would have given them free entry. It has not, however, *eo nomine* provided therefor. The nearest approach to that result has been, as the board found, the provision for sticks in paragraph 1703. As to that the board well said:

If the Christmas trees in suit, not being enumerated *eo nomine* are not such sticks in the rough, they can not be classified under this paragraph. But in our judgment they are sticks, notwithstanding they have the limbs on. If the limbs were severed, nothing would remain but what is contemplated by the description "sticks" in the paragraph.

In our opinion, however, the word "sticks" in common meaning does not admit of that interpretation.

The merchandise must be considered as imported and an entire tree, large or small, implies a tree with the limbs on. These limbs may be many or few, large or small, but until they are severed from the tree, the entire article, we think, is not to be regarded as a "stick" in the sense that word is used in paragraph 1703.

While, as importer argues, the word "stick" is elastic in meaning and may be applied to a great variety of things of wood, such as a stick of timber, a stick of firewood, a stick of pulp wood (many other illustrations readily occur), yet the word "stick" itself, we think, does not, in the common acceptation, mean a tree, large or small, simply severed from the ground and nothing else.

Notwithstanding our view that Congress may have intended to allow free entry to such crude articles as these trees, we think, nevertheless, it failed to so provide.

The conclusion we reach is not based upon T. D. 21373, G. A. 4478, cited by the Government, where under the act of 1897 Christmas trees were classified as nonenumerated, unmanufactured articles, because the competing paragraph there relied upon by the importers was not like the one here. Neither do we base the opinion upon a long-continued administrative practice because that is not affirma-

tively shown. Nor do we think the doctrine of *ejusdem generis* is applicable.

The importation was properly classified by the collector and the judgment of the Board of General Appraisers is *reversed*.